UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELIDA ALEXANDRA HERNANDEZ, | Case No. 1:19-cv-01621-HBK |
| Plaintiff, | ORDER GRANTING IN PART AWARD AND PAYMENT OF ATTORNEYS FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT[1] |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | (Doc. No. 35) |
| Defendant. | |

Pending before the Court is Plaintiff's motion for the award and payment of attorney fees in the amount of $14,343.94[2] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 35). The Commissioner of Social Security opposes the motion, asserting that the fees requested are unreasonable. (Doc. No. 36). For the reasons set forth below, the Court grants Plaintiff's motion for EAJA fees in the modified amount of $12,909.55.

////

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 32).

[2] Plaintiff requested $13,133.71 in her initial motion for EAJA fees. (Doc. No. 35). However, Plaintiff's counsel requests $14,343.94 to account for 5.65 additional hours spent preparing the reply to Defendant's opposition. (Doc. No. 37-1). Under the EAJA, a prevailing party is entitled to fees incurred in protecting the EAJA fee award in subsequent litigation by the Government over the amount of the EAJA fee award. *Comm'r, I.N.S. v. Jean,* 496 U.S. 154, 161 (1990); *see also Love v. Reilly*, 924 F.2d 1492, 1497 (9th Cir. 1991).

# I. BACKGROUND

In March 2012, Plaintiff filed for supplemental security income. (AR 485-93). Benefits were awarded as of February 24, 2012, in a decision dated June 20, 2012. (AR 374-92). On May 16, 2016, after a periodic review, it was determined Plaintiff was no longer disabled as of May 1, 2016. (AR 394-96). After a hearing by a state agency hearing office, the decision was upheld on November 18, 2016. (AR 406-19). Plaintiff requested further review and appeared before Administrative Law Judge Joyce Frost-Wolf ("ALJ") on July 6, 2018 and testified at the hearing. (AR 69-105). On October 12, 2018, the ALJ issued an unfavorable decision (AR 46-68), and on September 6, 2019, the Appeals Council denied review (AR 4-10).

Plaintiff initiated the action before this Court on November 12, 2019, seeking judicial review of the ALJ's decision. (Doc. No. 1). The Court ultimately concluded remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) was appropriate because the ALJ's rejection of Plaintiff's symptom claims and the medical opinion evidence was not supported by substantial evidence. (Doc. No. 33). Plaintiff now requests an award of fees as the prevailing party. *See* 28 U.S.C. § 2412(a) & (d)(1)(A); Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). The Commissioner filed an opposition to the motion on May 23, 2022. (Doc. No. 36). Plaintiff filed a reply on May 31, 2022. (Doc. No. 37).

# II. APPLICABLE LAW

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the Act, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. Moreover, under the EAJA, attorneys' fees must be reasonable. *Id*.; *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002). Hours that are not "reasonably expended" or which are "excessive, redundant or otherwise unnecessary" are not compensable. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), *abrogated on other grounds by Texas State*

*Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989); *Comm'r, I.N.S. v. Jean,* 496 U.S. 154, 161 (1990) ("once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's determining what fee is reasonable is essentially the same as that described in *Henley*.").

"The fee applicant bears the burden to documenting the appropriate hours expended in litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall ... submit to the court an application for fees and other expenses which shows ... the amount sought, including an itemized statement from any attorney ... stating the actual time expended").  Nevertheless, the court has an independent duty to review the evidence of hours worked and tasks undertaken to determine the reasonableness of the fees requested for the case.  *Hensley*, 461 U.S. at 433, 436-47.  A determination of the number of hours reasonably expended is within the court's discretion.  *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).  Where documentation of the expended time is inadequate, the court may reduce the requested award.  *Hensley*, 461 U.S. at 433, 436-47.  However, where the disparity between the fees requested and those awarded is relatively large, the district court should provide a specific articulation of its reasons for reducing the award. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)

### III.   ANALYSIS

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes.  *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995).  Accordingly, Plaintiff was the prevailing party here. (*See* Doc. No.  33).  Defendant does not dispute Plaintiff was a prevailing party nor argue the Commissioner's position was substantially justified; rather, Defendant argues the attorney fees requested are unreasonable.  (Doc. No. 36).

**A. Reasonableness of Fees**

Here, Plaintiff's counsel, Jonathan Peña, requests a total award of $13,113.71 in EAJA attorney fees for 61.8 hours of work.  (Doc. No. 35 at 4).  Plaintiff's counsel cites the attached

itemization of time as support for the request, and contends the arguments in Plaintiff's brief required extensive "fact-intensive detail and research regarding the nature and severity of [Plaintiff's] cognitive impairments and supporting case law on varying issues raised in her brief," which resulted in successful litigation of the case. (Doc. No. 35 at 4-5). In addition, Plaintiff's counsel cites his own cases litigated in this District, and recent cases in the Ninth Circuit, that determined hours "similar to and even well above those requested in Plaintiff's petition were reasonable.'" (Doc. No. 35 at 7-8 (citing *e.g., Chavez-Alvarez v. Comm'r of Soc. Sec. Admin*., 2021 WL 3207035 (E.D. Cal Jul. 29, 2021)(finding 71 hours of attorney time reasonable but applying 10 percent reduction); *Allen v. Berryhill*, 2019 WL 343422 (N.D. Cal. Jan. 28, 2019 (finding 70.85 hours was not "per se" unreasonable but reducing fees by 5 percent); *Kirk v. Berryhill*, 244 F. Supp. 3d 1077, 1086 (E.D. Cal. Mar. 22, 2018 (finding 104 hours of attorney time reasonable); *Hill v. Comm'r Soc. Sec. Admin*., 428 F. Supp. 3d 253, 267 (E.D. Cal. Dec. 20, 2019 (finding 112 hours of attorney time reasonable)).[3]

The Commissioner does not dispute Plaintiff is entitled to EAJA fees; rather, Defendant asserts that Plaintiff has not met her burden to show it is reasonable to bill 61.8 hours, or $13,113.71, in this case. (Doc. No. 36 at 3). Defendant contends the reported total of 61.8 hours is "well in excess of those generally billed for a social security case in a district court." (*Id*. (*citing Costa v. Comm'r*, 690 F.3d 1132, 1134 (9th Cir. 2012); *Tasby v. Estes*, 651 F.2d 287, 289-90 n.1 (5th Cir. 1981)). In particular, Defendant argues that (1) counsel should not have billed for "more than double" the "average" time usually spent on district court social security cases to research and draft arguments for the "common issues" in this case; and (2) Plaintiff is requesting compensation for time spent preparing unnecessarily long briefs. (*Id*. at 4-5). Thus, Defendant contends that the fee award should be reduced by approximately one-third of the amount requested. (*Id.*at 5).

First, Defendant generally argues that the 61.8 hours billed by Plaintiff is excessive

---

[3] The Court notes, while comparison to other cases is informative in assessing the reasonableness of fee requests, the Court is constrained to focus on the specific facts of the case at hand.

because "an experienced social security practitioner should not have needed more than double the average time (30 hours) that a plaintiff's attorney typically spends on a district court social security case to research and draft arguments for common issues." (Doc. No. 36 at 3-4). Defendant correctly notes Plaintiff initially stated she required extensive time to review and summarize a "2490 page administrative record with over 600 pages of medical records," when in actuality the administrative record in this case was 1235 pages with 615 pages of medical records. (Doc. No. 36 at 3). Plaintiff attributes her gross mischaracterization of the length of the record as a "typographical error" and "apologizes to the Court and the Defense for any confusion regarding this error." (Doc. No. 37 at 2). Regardless, Plaintiff maintains the 61.8 hours expended is reasonable when "individualized consideration" is applied in this case, and her level of "expertise is not relevant here" because counsel was still "required to familiarize themselves in order to draft a review of the administrative record and medical evidence in order to formulate successful arguments in a 30 page brief." (*Id.*).

Second, and somewhat similarly, Defendant argues the Court "should reduce the fee for preparing Plaintiff's briefs to account for counsel's unnecessary and inefficient choice to draft and submit excessively long filings that were overbroad and not appropriately tailored." (Doc. No. 36 at 5). In support of this argument, Defendant notes remand was granted on only two of Plaintiff's arguments and the Court declined to address the additional issues challenged in Plaintiff's opening brief. (*Id*. at 4). Plaintiff responds that it is "counterintuitive" to argue counsel failed to "winnow the issues that were most important" when a successful result was achieved "specifically because [she] took the time to clearly delineate, identify and detail four related errors committed by the ALJ, none of which were rejected by the Court." (Doc. 37 at 3-4).

The Court finds the Commissioner's arguments unpersuasive. First, generally arguing Plaintiff's counsel should not have spent significantly more than "average time (30 hours)" to draft the initial briefing because the issues were "common," without further discussion as to the particular issues in this case, lacks substance. Similarly, while clearly relevant to point out the error in Plaintiff's initial representation as to the length of the record, Defendant cites to no legal

5

authority that a 1235 page administrative record qualifies as "relatively standard" such that an "experienced" social security attorney would be explicitly limited in the number of hours necessary to present her argument.  Moreover, it is well settled in the Ninth Circuit that courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on "routine" social security cases.  *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1133-37 (9th Cir. 2012) ("we question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court").  Instead, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'"  *Id*. at 1136 (quoting *Moreno*, 534 F.3d at 1112).  Here, Plaintiff raised challenges to the ALJ's rejection of medical opinion evidence, failing to conduct a PRTF function analysis at step two, failing to consider Listing 12.05 at step three, and improperly considering Plaintiff's symptom claims.  (*See* Doc. No. 19).  Defendant fails to specify how these issues are "common."  (*See*  Doc. No. 36 at 3-4).

Second, counsel's expertise, standing alone, does not render the hours expended unreasonable because social security cases are fact-intensive and require a careful application of the law.  *Costa*, 690 F.3d at 1134 n.1 (social security cases are "highly fact intensive [inquiries that] require careful review of the administrative record, including complex medical evidence."); *Patterson v. Apfel*, 99 F.Supp. 2d 1212, 1213 (C.D. Cal. 2000); *Guzman v. Comm'r of Soc. Sec.*, 2021 WL 2534462, at *2 (E.D. Cal. June 21, 2021) (citing *Hicks v. Comm'r of Soc. Sec.*, 2019 WL 2537953, at *2-3 (E.D. Cal. June 20, 2019) (noting "precisely the same routine-case-with-experienced-counsel argument" was rejected in *Hicks* because "the expertise of plaintiff's counsel does not make the hours expended unreasonable."); *Mitford vs. Kijakazi*, 2021 WL 6052006, at *4 (C.D. Cal. Dec. 21, 2021) (opining the fact that Plaintiff's attorney is "experienced in social security law is not a basis to reduce his requested hours").  As such, the Court declines to reduce fees based on Defendant's generalized classification of the issues in this case as "common" or counsel's expertise litigating social security cases.

Third, Defendant's argument that the fees are unreasonable because Plaintiff's counsel "prepared unnecessarily long briefs" is equally unpersuasive.  (Doc. No. 36 at 4-5).  Defendant

6

fails to point to any specific redundancy, inflation, or impermissible block billing in the itemized billing statement submitted by Plaintiff's counsel. Moreover, the Court declines to reduce the EAJA fees awarded to counsel because remand was granted based on only two of the four arguments asserted in Plaintiff's opening brief. (*See* Doc. No. 36 at 4 ("the Court did not reach most of Plaintiff's issues, which further demonstrates that Plaintiff did not winnow the issues that were most important."). Defendant is correct that "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees." *Hensley*, 461 U.S. at 440; *see also* 28 U.S.C. § 2412(d)(2)(A). However, when examining a plaintiff's level of success, the Supreme Court also instructs it is improper to reduce fees solely because a claimant prevailed on some claims but not on others. *Id.* at 435. If the claims "involve a common core of facts," and are "based on related legal theories," the failure or lack of specific relief given in response to any one claim does not preclude the court from awarding attorney fees if the plaintiff has won substantial relief through other related claims. *Id.* at 435.

Here, while the Court did not rule on the merits of two of Plaintiff's arguments, it remanded with instructions to reconsider those findings on remand. (Doc. No. 33). "It is possible that the ALJ will view the issues differently on remand and resolve them in [Plaintiff's] favor. For this reason courts have resisted making downward adjustments to account for the fact that the case was remanded based on fewer than all of the claims asserted." *Matos v. Saul*, 49 F.Supp. 3d 934, 940-41 (N.D. Cal. 2020) (collecting cases); *see also Ohman v. Saul*, 2020 WL 1028331, at *3 (E.D. Cal. Mar. 3, 2020) ("Social Security appeals are akin to a single claim for relief based on one set of facts and involving related legal theories."); *Hampton v. Colvin*, 2015 WL 1884313, at *5 (N.D. Cal. Apr. 23, 2015) ("Given that Plaintiff achieved the relief he sought, he obtained an excellent result, and the fee award should not be reduced because Plaintiff did not succeed on all the contentions raised."). Thus, Plaintiff's award should not be reduced solely because she failed to prevail on every issue.

The Court finds Defendant unsuccessfully identifies any specific reasons to find the requested fees unreasonable based on the foregoing. The Commissioner, however, points out Plaintiff's counsel spent 24.65 hours preparing the substantive arguments in the 30-page opening

brief and an additional 23.65 hours preparing the 14-page reply brief.  (Doc. 36 at 5; Doc. No. 37-1 at 2).  Plaintiff contends that all of the arguments in the reply brief directly addressed the Commissioner's arguments asserted in opposition to the motion for EAJA fees.  (Doc. No. 37 at 7).  While the Court concurs that Plaintiff responded directly to the Commissioner's arguments in the reply brief, the Court's independent review of the reply brief also reveals several portions, particularly in the extensive footnotes, that are identical to arguments made in the opening brief.  *Cf*. Doc. No. 19 at 22-24, 27-34 *with* Doc. No. 30 at 6-8, 10-11, 12-16 n. 13-21; *see Lopez v. Saul,* 2021 WL 1611870, at *5 (E.D. Cal. Apr. 26, 2021) (reducing fees because reply brief "largely repeats the opening brief's arguments – in many instances reproducing sections *in toto*); *Andreason v. Comm'r of Soc. Sec. Admin*., 2020 WL 5544367, at *2 (D. Ariz. Sep. 16, 2020) ("reducing the amount of an award is appropriate where excessive time is recorded for briefing that merely regurgitates previous briefing.").  In her reply brief, Plaintiff concedes that a 10% percent reduction in fees is appropriate "to compensate for any issues the Court determines are unclear." (Doc. No. 37 at 7).  Thus, the Court exercises its discretion to reduce the reported time by 10% – a "haircut" – based purely on the exercise of its discretion and without more specific explanation.  *See Costa*, 690 F.3d at 1136.

**B. Amount to be Awarded**

Plaintiff requests an hourly rate of $207.78 for the work performed in 2020 and $217.54 for the work performed in 2021.  (Doc. No. 35 at 4).  Defendant does not object to this rate. (*See generally* Doc. No. 36).  Notably, the attorney hourly rate does not exceed the statutory maximum set by the Ninth Circuit in 2020 and 2021.  *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited October 10, 2022).  Consequently, the Court finds the requested hourly rates are reasonable.

Based upon the 10% deduction set forth above, the Court finds an EAJA award of $12,909.55 is appropriate.  EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 532 U.S. 1192 (2010).  If the Commissioner determines upon effectuation of this Order that Plaintiff's EAJA

fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is **ORDERED:**

1. The motion for attorney fees (Doc. No. 35) is **GRANTED in part**.

2. The Commissioner is directed to pay to Plaintiff as the prevailing party EAJA fees in the amount of $12,909.55 in attorney fees. Unless the Department of Treasury determines that Plaintiff owes a federal debt, the government shall make payment of the fees to Plaintiff's counsel, Jonathan Peña, in accordance with Plaintiff's assignment of fees and subject to the terms of the motion for EAJA fees.

Dated:    October 14, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

9